ME

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MATTHEW BURRESS (N43674), | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 06 C 423 |
| TOM WEGER, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN

This matter is before the court on Petitioner Matthew Burress' ("Burress")

petition for a writ of *habeas corpus*. For the reasons stated below, we deny Burress'

petition for a writ of *habeas corpus* in its entirety.

## BACKGROUND

Following a bench trial in the Circuit Court of Cook County, Illinois, Burress

was convicted of armed robbery and sentenced to 20 years of imprisonment.

Burress' subsequent motion to reconsider his sentence was denied. On January 28,

2003, Burress' conviction and sentence were affirmed by the Illinois Appellate

Court. His petition for leave to appeal to the Illinois Supreme Court was denied on

1

October 17, 2003.  Burress then filed a *pro se* post-conviction petition in the Circuit

Court of Cook County for collateral review of his conviction.  On December 16,

2003, the court dismissed the post-conviction petition without an evidentiary

hearing.  The Illinois Appellate Court affirmed the dismissal on June 14, 2005 and

the Illinois Supreme Court denied Burress' petition for leave to appeal on September

29, 2005.  Burress filed the instant petition for a writ of *habeas corpus* ("Petition")

on January 24, 2006.

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in

custody pursuant to the judgment of a State court only on the grounds that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2254(a).  Pursuant to 28 U.S.C. § 2254, a writ of *habeas corpus* will not be

granted unless "the applicant has exhausted the remedies available in the courts of

the State; . . . or there is an absence of available State corrective process; or . . .

circumstances exist that render such process ineffective to protect the rights of the

applicant."  28 U.S.C. § 2254(b)(1).  A *habeas corpus* petition shall also not be

granted:

> on behalf of a person in custody pursuant to the judgment of a State court . . .
>
> unless the adjudication of the claim . . . (1) resulted in a decision that was
>
> contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2). A decision by a state court is deemed to be "'contrary to' [the U.S. Supreme Court's] clearly established precedents if it 'applies a rule that contradicts the governing law set forth in [the Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from our precedent.'" *Early v. Packer*, 537 U.S. 3, 8 (2002)(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court need not cite to Supreme Court cases in its decision, "so long as neither the reasoning nor the result of the" state court's decision contradicts such precedent. *Early*, 537 U.S. at 8.

## DISCUSSION

Burress argues that the court should grant his Petition and alleges that: 1) the police lacked probable cause to arrest him and his Fourth Amendment rights were violated, 2) he received ineffective assistance of counsel at trial and on direct appeal, 3) he was denied a fair trial, and 4) his Eight Amendment rights were violated because his sentence was excessive.

## I. Lack of Probable Cause

Burress argues that his Fourth Amendment rights were violated because there was insufficient probable cause to arrest him. Burress contends that the police lacked probable cause because they lacked a proper physical description of the attacker by the victim in this case. (Pet. 5, 8-9, 17-18). Before a federal court may review any claim stated in a petition for a writ of *habeas corpus*, the petitioner must fully and fairly present each claim to the state courts and "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). A claim is fully and fairly presented to a state court when the court is alerted to the claim in the petitioner's brief or similar document. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding court is not required to read lower court opinions in order to discover a claim); *see also Harrison v. McBride*, 428 F.3d 652, 662 (7th Cir. 2005)(clarifying the procedural difference between never presenting a federal claim, as in *Baldwin* and insufficiently presenting a federal claim according to the four factor test set out in *Ellsworth v. Levenhagen*, 248 F.3d 634 (7th Cir. 2001)). In determining whether a state court "was sufficiently alerted to the federal constitutional nature" of the claim, a court should consider: "1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner

4

framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Ellsworth*, 248 F.3d at . If a *habeas corpus* petitioner exhausts his state court remedies without fairly presenting his federal claims, he has procedurally defaulted his claims. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

A federal court can review procedurally defaulted claims only if a petitioner shows cause for why he could not present his claim to the appropriate state courts and prejudice resulting from the default, or if a refusal to review the defaulted claim would result in a fundamental miscarriage of justice. *Moore v. Casperson*, 345 F.3d 474, 484 (7th Cir. 2003). A fundamental miscarriage of justice occurs when newly presented evidence shows "a constitutional violation has probably resulted in the conviction of one who is actually innocent . . . ." *Murray v. Carrier*, 477 U.S. 495-96 (1986)).

Burress has procedurally defaulted his argument concerning a lack of probable cause because the only time he presented a Fourth Amendment violation claim to the state courts was in his post-conviction petition. Burress' probable cause argument is absent from all of the direct appeal proceedings, his post-conviction appeal brief, and his post-conviction petition for leave to appeal to the supreme court. Burress argues that he failed to present his probable cause argument to the appropriate state courts due to the ineffective assistance of trial and appellate counsel he had on direct

appeal. However, even if Burress received ineffective assistance of trial and appellate counsel on direct appeal, that does not explain why Burress, after raising the argument in his post-conviction petition, failed to raise the probable cause argument in the post-conviction appeal proceedings. *See Dugan v. United States*, 18 F.3d 460, 464 (7th Cir. 1994)(stating that when defendant had separate trial and appellate counsel, there was no excuse for why defendant did not raise his ineffective assistance of trial counsel claims on appeal). Burress has also failed to show that a fundamental miscarriage of justice would occur if this court did not consider his probable cause argument. Therefore, Burress' arguments concerning a lack of probable cause are procedurally defaulted.

## II. Ineffective Assistance of Counsel

Burress argues that he received ineffective assistance of counsel at trial and alleges that his trial counsel did not: 1) obtain a copy of the 911 tape, 2) did not object to the trial court's refusal to allow the composite sketch into evidence, 3) did not impeach Officer Hill about the description provided by the victim, 4) did not call a detective to testify about the description the victim provided for the sketch, and 5) did not impeach Officer Hill's testimony about probable cause for the arrest. Burress also argues that he received ineffective assistance of counsel on direct appeal because his appellate counsel did not raise the ineffective assistance of trial counsel issue.

## A. Procedurally Defaulted Claims

Burress argues that he had ineffective assistance of counsel because his trial counsel did not impeach Officer Hill about the description provided by the victim, did not call a detective to testify about the description the victim provided for the sketch, and did not impeach Officer Hill's testimony about probable cause for the arrest. (Pet. 5, 10-12). These three claims were never raised in the state courts and therefore are procedurally defaulted and unavailable for federal review. *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). Although Burress appears to argue that these claims were not raised on direct appeal because he had ineffective assistance of counsel at the appellate level, he has failed to show cause as to why he did not raise any of these claims during the post-conviction proceedings when he was appointed different counsel. *Dugan*, 18 F.3d at 464. Burress also does not show that a fundamental miscarriage of justice would result if this court did not review these claims. Therefore, the arguments are procedurally defaulted.

## B. Composite Sketch and 911 Tape

Burress argues he had ineffective assistance of counsel because his trial attorney did not object to the exclusion of the composite sketch as evidence and did not obtain and submit the 911 tape as evidence. (Pet. 5, 10). Burress has "fully and fairly" presented these two claims at each level of his state court post-conviction proceedings. The trial court denied Burress' post-conviction relief because the

ineffective assistance of counsel claims were frivolous and patently without merit. The appellate court affirmed on the ground that Burress failed to comply with the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-2 *et seq.*, ("Act").

The Act requires that a post-conviction "petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2. When a state court expressly relies on an independent and adequate state ground to refuse review of a claim, federal review is subsequently barred. *Moore v. Bryant*, 295 F.3d 771, 774-75 (7th Cir. 2002)(stating that federal review is precluded even if the state court addresses the merits of the claim in the alternative). The state Appellate Court expressly relied on Burress' procedural failure under the Act when it held that the defendant failed to attach the subject composite sketch or a transcript of the 911 call made by the victim, and the Appellate Court could affirm "the trial court's decision on any ground present in the record." (Gov. Ex. G 6-7). The Appellate Court found that "the trial court properly dismissed defendant's petition as frivolous and patently without merit." (Gov. Ex. G 7)(order affirming dismissal of Burress' post-conviction petition). Therefore, since the Appellate Court expressly relied on an independent and adequate state ground, the arguments concerning the 911 tape and the composite sketch are barred from federal review.

We also note that even if Burress' claims could be reviewed at this juncture, they are without merit. Burress has the burden of showing that the state court's

decision relating to the ineffectiveness of counsel was contrary to the United States Supreme Court's clearly established precedents or based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1-2). The state court applied the proper standard for ineffective assistance of counsel claims by requiring Burress to show that counsel's performance was objectively unreasonable and that his defense was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state court also reasonably found that counsel's performance was not unreasonable and did not prejudice Burress because the sketch would not have impeached the victim's identification due to her clear and convincing testimony, and the content of the 911 tape was purely speculative. We find that Burress has not met either of the statutory requirements for federal review of a state court decision.

## C. Ineffective Assistance of Counsel on Appeal

Burress argues that he had ineffective assistance of counsel because his appellate counsel did not raise the ineffective assistance of trial counsel issues on direct appeal. (Pet. 5, 17). Burress' ineffective assistance of appellate counsel claim, however, was not raised on direct appeal, in his post-conviction appeal brief, or in his post-conviction petition for leave to appeal to the state supreme court. Burress has therefore procedurally defaulted the argument. *O'Sullivan*, 526 U.S. at 845; *Bintz*, 403 F.3d at 863.

9

We also note that even if this claim was preserved for federal review, Burress has not shown that his appellate counsel was ineffective. Ineffective assistance of appellate counsel claims are analyzed under the same *Strickland* test used for ineffective assistance of trial counsel claims. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985). Without actual ineffective assistance of trial counsel, appellate counsel's performance in not raising an ineffective assistance of trial counsel claim would not be unreasonable and the defendant would not have incurred any prejudice on appeal. As discussed above, the remaining ineffective assistance of trial counsel arguments are without merit. Burress, therefore, has not proven that his appellate counsel's performance was unreasonable or that he was prejudiced by that performance on appeal.

## III. Depravation of a Fair Trial

Burress argues that he was deprived of a fair trial because the trial court refused to admit the composite sketch into evidence and refused to allow the detective to testify about the description the victim gave for the sketch. (Pet. 6, 13-14). Burress asserts that both the sketch and the testimony were exculpatory and should have been disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). This argument, however, is procedurally defaulted because it was never presented to the state courts during either the direct appeal process or the post-conviction proceedings. *Resnover*, 965 F.2d at 1458 (stating that "[i]ssues which were *never*

10

raised in the state courts are the proper subject of procedural default in this collateral review under § 2254")(emphasis in original). Burress has also failed to show that any of the procedural default exceptions are applicable.

## III. Eighth Amendment Violation

Burress argues that the trial court violated his Eight Amendment rights by imposing a twenty-year sentence. (Pet. 6, 18-19). Although Burress argued that the trial judge abused his discretion in imposing a sentence that was disproportionate to the nature of the offense on direct appeal, he did not present any of the state courts with an Eight Amendment violation claim. On direct appeal, Burress did not rely on any federal cases, instead, he only cited state cases that applied a state law analysis. Additionally, Burress did not frame the claim in such a way as to call to mind a constitutional right, but instead relied on the state constitution and the state supreme court rules as the basis for his asserted violation and request for relief. This court finds that Burress failed to alert the state courts as to any violations of his federal constitutional rights. *See Ellsworth*, 248 F.3d at 639. Since the Eighth Amendment argument was not fairly presented to the state courts, it is procedurally defaulted. Burress has also not shown that there was cause for failing to present his federal claim to the state courts and has not shown that there would be a miscarriage of justice if this court did not review this claim.

We also note that even if the Eighth Amendment argument was not

procedurally defaulted, it has no merit. An Eight Amendment violation claim requires a showing that the sentence is grossly disproportionate to the crime, and a sentence that is within the statutory limits "will not be considered disproportionate unless the sentencing judge abused his discretion." *Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000)(quoting *United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992)). Burress' 20-year sentence was within the statutory limits for armed robbery. Additionally, Burress has not shown that the trial court abused its discretion in determining his sentence when the "alleged mitigating factors pale against the unfavorable background and characteristics of [the] defendant." (Gov. Ex. A. 10)(affirming Burress' conviction and sentence). This, even if the Eighth Amendment argument was not procedurally defaulted, Burress has not shown that the court should grant his Petition.

## CONCLUSION

Based on the foregoing analysis, we deny Burress' petition for a writ of *habeas corpus* in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 27, 2006