IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| UNITED STATES OF AMERICA ex rel. MATTHEW BURRESS (N43674), | ) ) ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) ) | No. 06 C 423 |
| TOM WEGER, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN

This matter is before the court on a certificate of appealability determination as to Petitioner Matthew Burress' ("Burress") petition for writ of *habeas corpus*. For the reasons stated below, we conclude that a certificate of appealability is not appropriate and decline to issue such a certificate.

## BACKGROUND

Following a bench trial in the Circuit Court of Cook County, Illinois, Burress was convicted of armed robbery and sentenced to 20 years of imprisonment. Burress' subsequent motion to reconsider his sentence was denied. On January 28,

1

2003, Burress' conviction and sentence were affirmed by the Illinois Appellate Court and his petition for leave to appeal to the Illinois Supreme Court was denied on October 17, 2003. Burress then filed a *pro se* post-conviction petition in the Circuit Court of Cook County for collateral review of his conviction. On December 16, 2003, the court dismissed the post-conviction petition without an evidentiary hearing. The Illinois Appellate Court affirmed the dismissal on June 14, 2005 and the Illinois Supreme Court denied Burress' petition for leave to appeal on September 29, 2005. Burress subsequently filed a petition for a writ of *habeas corpus* ("Petition") and on September 26, 2006, we denied the Petition. On October 24, 2006, Burress filed a notice of appeal in this case and we must now determine whether it is appropriate to issue a certificate of appealability for the Petition.

## LEGAL STANDARD

If a court denies a petition for writ of *habeas corpus* and the petitioner wishes to appeal, thereby challenging the decisions made by the state trial courts, the petitioner must obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

In the Petition, Burress argued that: 1) the police lacked probable cause to arrest him and his Fourth Amendment rights were violated, 2) he received ineffective assistance of counsel at trial and on direct appeal, 3) he was denied a fair trial, and 4) his Eighth Amendment rights were violated because his sentence was excessive.

I. Lack of Probable Cause

As we explained in our previous ruling denying the Petition, Burress has procedurally defaulted his lack of probable cause argument because the only time he presented a Fourth Amendment violation argument to the state courts was in his post-conviction petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). Burress' probable cause argument is absent from all of the direct appeal proceedings, his post-conviction appeal brief, and his post-conviction petition for leave to appeal to the Illinois Supreme Court. Burress argues that he failed to present his probable cause argument to the appropriate state courts due to the ineffective assistance of trial and appellate counsel he had on direct appeal. However, even if Burress received ineffective

assistance of trial and appellate counsel on direct appeal, that does not explain why Burress, after raising the argument in his post-conviction petition, failed to properly raise the probable cause argument in the post-conviction appeal proceedings. Finally, even if Burress was able to bring the probable cause argument, a review of the totality of the record indicates that the argument clearly lacks any merit.

## II. Ineffective Assistance of Counsel

In regards to Burress' ineffective assistance of counsel arguments, Burress argued that he had ineffective assistance of counsel because his trial counsel did not impeach Officer Hill about the description provided by the victim, did not call a detective to testify about the description the victim provided for the sketch, and did not impeach Officer Hill's testimony about probable cause for the arrest. However, those arguments were not raised during the entire state appeal process, and therefore are procedurally defaulted and unavailable for federal review. *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). A review of the record also shows that even if the arguments were not procedurally defaulted, they clearly lack any merit and would not provide a justification for granting the Petition.

Burress also argued in his petition that he had ineffective assistance of counsel because his trial attorney did not object to the exclusion of the composite sketch as evidence and did not obtain and submit the 911 tape as evidence. However, since the Illinois Appellate Court expressly relied on an independent and adequate state

4

ground, the arguments concerning the 911 tape and the composite sketch are barred from federal review. We also note that even if the arguments could be reviewed at this juncture, they are clearly without merit.

Burress also argued that he had ineffective assistance of counsel because his appellate counsel did not raise the ineffective assistance of trial counsel issues on direct appeal. (Pet. 5, 17). This argument regarding Burress' ineffective assistance of appellate counsel claim, however, was not properly raised in subsequent filings in the appeal process and Burress has therefore procedurally defaulted the argument. Also, even if we were to consider the argument, Burress has not pointed to sufficient evidence that indicates that his trial counsel or appellate counsel was ineffective. *See Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004)(stating that "[a]n ineffective assistance claim has two components" which require a petitioner to show that "counsel's performance was deficient" and that "the deficiency prejudiced his defense"). Rather, the record clearly indicates that such counsel provided Burress with adequate representation. *Id.* (stating that "[t]o establish deficient performance, a petitioner must demonstrate that the representation 'fell below an objective standard of reasonableness'")(quoting in part *Strickland v. Washington*, 466 U.S. 668 (1984)).

III. Depravation of a Fair Trial

Burress also argued that he was deprived of a fair trial because the trial

5

court refused to admit the composite sketch into evidence and refused to allow the detective to testify about the description the victim gave for the sketch and that both the sketch and the testimony were exculpatory and should have been disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963). This argument, however, is procedurally defaulted because it was not properly presented during the entire state appeal process. *Resnover*, 965 F.2d at 1458 (stating that "[i]ssues which were *never* raised in the state courts are the proper subject of procedural default in this collateral review under § 2254")(emphasis in original). Also, even if we were to consider the argument, Burress has not shown that any information was improperly withheld from him or excluded from the trial, or that he was in any way denied a fair trial. *See, e.g., Moore v. Casperson*, 345 F.3d 474, 493 (7th Cir. 2003)(stating that "[t]he holding in *Brady v. Maryland* requires disclosure only of evidence that is both favorable to the accused and material either to guilt or to punishment")(quoting *United States v. Bagley*, 473 U.S. 667 (1985)). Thus, Burress' depravation of a fair trial argument clearly lacks any merit.

IV. Eighth Amendment Violation

Burress also argued that the trial court violated his Eighth Amendment rights by imposing a twenty-year sentence. (Pet. 6, 18-19). Although Burress argued that the trial judge abused his discretion in imposing a sentence that was disproportionate to the nature of the offense on direct appeal, he did not present any of the state courts

with an Eighth Amendment violation argument. On direct appeal, Burress did not rely on any federal cases, instead, he only cited state cases that applied a state law analysis. Additionally, Burress did not frame the claim in such a way as to call to mind a constitutional right, but instead relied on the state constitution and the state supreme court rules as the basis for his asserted violation and request for relief. We properly concluded that Burress failed to alert the state courts as to any violations of his federal constitutional rights. We also noted that even if the Burress' Eighth Amendment argument was not procedurally defaulted, he has failed to point to sufficient evidence that would show that his Eighth Amendment rights were violated in any way. If a petitioner raises an Eighth Amendment challenge contending that his sentence is excessive, if he was "sentenced within the statutory limits, his sentence must be 'manifestly unreasonable in light of the nature of the offense and character of the offender' for it to be overturned. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997)(quoting in part *Koo v. State*, 640 N.E.2d 95, 97 (Ind. Ct. App. 1994)); (R Ex. A. 9). A petitioner can show that his Eighth Amendment rights were violated by showing that "his sentence [wa]s extreme and 'grossly disproportionate' to the crime." *Koo*, 124 F.3d at 875 (quoting *Harmelin v. Michigan*, 501 U.S. 957 (1991)). After reviewing the record in its totality, we conclude that there is insufficient evidence to show that Burress' sentence was unreasonable or disproportionate to the crime for which Burress was convicted. The record clearly indicates that the sentence was appropriate. Based on the above, it is clear that

Burress has not made any substantial showing of the denial of a constitutional right. The Petition clearly lacks any merit and no reasonable jurists could debate whether it was proper to deny the Petition. We thus conclude that it would not be appropriate to issue a certificate of appealabiliy.

## CONCLUSION

Based on the foregoing analysis, we decline to issue a certificate of appealability in regard to the denial of the Petition.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 21, 2006

8